```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                                    Case No. 19-04014-RNO
Lori A. Mahon                                                             Chapter 13
Bernard J. Mahon
         Debtors                            CERTIFICATE OF NOTICE
District/off: 0314-5          User: AutoDocke              Page 1 of 2                  Date Rcvd: May 13, 2020
                              Form ID: pdf002              Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 15, 2020.
db/jdb         +Lori A. Mahon,    Bernard J. Mahon,    1464 Wetzel Run Drive,    Weatherly, PA 18255-3028
5248687        +Berkheimer Tax Administrator,    PO Box 25153,    Lehigh Valley, PA 18002-5153
5256258        +Berkheimer, Agent for Packer Township,     50 North Seventh Street,    Bangor, Pa 18013-1731
5248680        +CBCS,   PO Box 2724,    Columbus OH 43216-2724
5248658        +Carbon County Tax Claim Bureau,     PO Box 37,   Jim Thorpe PA 18229-0037
5248664        +Citibank,   701 E 60th Street,    Sioux Falls SD 57104-0493
5248663        +Citibank,   701 E. 60th Street N,    Sioux Falls SD 57104-0493
5248679        +Fulton, Friedman & Gullace, LLP,     6 Kacey Court Suite 203,    Mechanicsburg, PA 17055-9237
5248662        +Lehigh Valley Hosp- Hazleton,    700 E Broad Street,    Hazleton PA 18201-6835
5248683         M&T Bank,    Cbd Team,   PO Box,    Millsboro DE 19966
5248681        +MRS BPO, LLC,    1930 Olney Ave,    Cherry Hill NJ 08003-2016
5248667        +National Recovery,    2491 Paxton St.,    Harrisburg, PA 17111-1036
5248668        +PPL Electric Utilities,    827 Hausamn Road,    Allentown PA 18104-9392
5248686        +Packer Township Garbage Fund,    2234 Hudson Drive,    Weatherly, PA 18255-2704
5248678        +Penn Credit,    916 S. 14th St.,    PO Box 988,   Harrisburg PA 17108-0988
5248674        +St. Lukes University Health Network,     PO Box 788187,    Philadelphia, PA 19178-8187
5248685        +Stern & Eisenberg, PC,    1581 Main St., Ste. 200,    The Shops at Valley Square,
                 Warrington, PA 18976-3403
5248670        +Union Plus Credit Card,    PO Box 17051,    Baltimore MD 21297-1051

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2020 19:54:33
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5274364         E-mail/PDF: resurgentbknotifications@resurgent.com May 13 2020 19:53:45      CACH, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5248676        +E-mail/PDF: resurgentbknotifications@resurgent.com May 13 2020 19:54:45      Cach, LLC,
                 4340 S. Monaco St,    2ND FLOOR,   Denver CO 80237-3485
5248659        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 13 2020 19:53:45      Capital One,
                 PO Box 30253,    Salt Lake City UT 84130-0253
5248675        +E-mail/Text: bankruptcy@cavps.com May 13 2020 19:51:16      Cavalry SPV I, LLC,
                 500 Summit Lake Drive,    Suite 400,   Valhalla NY 10595-2321
5248661        +E-mail/PDF: gecsedi@recoverycorp.com May 13 2020 19:53:31      GECRB/Ashley,    PO Box 965036,
                 Orlando FL 32896-5036
5248660        +E-mail/PDF: gecsedi@recoverycorp.com May 13 2020 19:55:29      GECRB/SYNCB/Lowes,
                 PO Box 965005,    Orlando FL 32896-5005
5248684         E-mail/Text: camanagement@mtb.com May 13 2020 19:50:59      M & T Bank,    PO Box 1288,
                 Buffalo, NY 14240
5248682         E-mail/Text: camanagement@mtb.com May 13 2020 19:50:59      M&T Bank,    PO Box 62146,
                 Baltimore M 21264
5274543         E-mail/Text: camanagement@mtb.com May 13 2020 19:50:59      M&T Bank,    PO Box 840,
                 Buffalo, NY 14240
5248669         E-mail/Text: camanagement@mtb.com May 13 2020 19:50:59      M&T Bank,    PO Box 844,
                 Buffalo NY 14240
5248677        +E-mail/Text: bankruptcydpt@mcmcg.com May 13 2020 19:51:10      Midland Credit Management,
                 8875 Aero Drive, Ste. 200,    San Diego, CA 92123-2255
5249049        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2020 19:55:39      Orion,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                                TOTAL: 13

              ***** BYPASSED RECIPIENTS   (undeliverable, * duplicate) *****
5248673*       +Capital One,   PO Box 30253,    Salt Lake City, UT 84130-0253
5250856*       +Cavalry SPV I, LLC,    500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5248665*       +Citibank,   701 E 60th Street,    Sioux Falls SD 57104-0493
5248666*       +Lehigh Valley Hosp- Hazleton,    700 E Broad Street,    Hazleton PA 18201-6835
5248671       ##+Debt Recovery Solutions, LLC,    900 Merchants Concourse, Ste. LL11,    Westbury, NY 11590-5121
5248672       ##+Trident Asset Management LLC,    53 Perimeter Center East, Ste. 440,    Atlanta, GA 30346-2230
                                                                                   TOTALS: 0, * 4, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2020               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 13, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Christy Marie DeMelfi    on behalf of Debtor 2 Bernard J. Mahon christy@demelfilaw.com
              Christy Marie DeMelfi    on behalf of Debtor 1 Lori A. Mahon christy@demelfilaw.com
              James  Warmbrodt    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 5
```

Rev. 12/01/17

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| Lori A. Mahon and<br>Bernard J. Mahon | CASE NO. 5-19-04014-RNO<br><br>✓ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>___ Number of Motions to Avoid Liens<br>___ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. PLAN FUNDING AND LENGTH OF PLAN.

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is $ 38400.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2019 | 09/2024 | 640.00 | 0.00 | 640.00 | 38400.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | 38400.00 |

    2.   If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3.   Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4.   CHECK ONE:  ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

                      (   ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B.  **Additional Plan Funding From Liquidation of Assets/Other**

    1.   The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

     ✓    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

     ___   Certain assets will be liquidated as follows:

    2.   In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

Rev. 12/01/17

property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   ✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

Case 5:19-bk-04014-RNO    Doc 40    Filed 05/15/20    Entered 05/16/20 00:32:00    Desc
Imaged Certificate of Notice    Page 5 of 13

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T Bank | house in Weatherly | 6946 |
| | | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | house in Weatherly | 18568.94 | 0.00 | 18568.94 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

Rev. 12/01/17

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

✓   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___   The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 510.00 already paid by the Debtor, the amount of $ 3300.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      \_\_\_  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Carbon County Tax Claim Bureau | 11909.71 |
| Packer Township Garbage Fund | 1349.03 |
| Berkheimer Tax Administrator | 152.00 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. UNSECURED CLAIMS

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    B.  Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ✓  None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ___  The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

___ plan confirmation.
___ entry of discharge.
✓ closing of case.

9

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 10/17/2019

/s/ Christy M. DeMelfi
Attorney for Debtor

/s/ Lori A. Mahon
Debtor

/s/ Bernard J. Mahon
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11